Shawn J. Banks, etc.

v.

Galen W. Harris

Record No. 871358

June 9, 1989

Present: All the Justices

*Deborah M. Russell (Joan B. Tucker; McGuire, Woods, Battle & Boothe*, on briefs), for appellant.
*Richard W. Schaffer (David M. Hicks; Sands, Anderson, Marks & Miller*, on brief), for appellee.

Justice Stephenson delivered the opinion of the Court.

Shawn J. Banks, an infant, sued Galen W. Harris to recover damages for injuries allegedly resulting from Harris' negligence. The trial court confirmed a jury verdict in Harris' favor. In Banks' appeal, the dispositive issue is whether the trial court erred in granting Instruction No. 10, which told the jury:

> If you believe that a party, without explanation, failed to call Shawn Banks, an available witness who has knowledge of necessary and material facts, you may presume that, if called, his testimony would have been unfavorable to the party who failed to call him.

The facts germane to this issue can be stated briefly. On July 10, 1986, about 5:00 p.m., an automobile operated by Harris collided with a bicycle on which Banks, age 13, and Glenn Gordon, age 14, were riding. The accident occurred in a residential section of the City of Richmond, on Erich Road near its intersection with Wainwright Drive.

Gordon pedaled and steered the bicycle, and Banks rode on the handlebars. After travelling west on Wainwright Drive, they turned left onto Erich Road and proceeded south. Harris was proceeding north on Erich Road when the collision occurred.

Upon impact, Banks was thrown forward into the automobile's windshield, shattering it. As Harris' automobile continued to travel forward, Banks rolled off the automobile and landed face up in the street. The back of Banks' head struck the pavement, causing a fracture at the base of his skull.

Banks' head injury was severe, and he lapsed into a coma for five days. The injury caused Banks to suffer permanent memory and learning deficits and impaired his sense of balance. The undisputed evidence established that the injury caused Banks to lose all memory of the events surrounding the accident.

Banks did not testify at trial. During the two-day trial, he was in his attorney's office. Harris, who had taken Banks' discovery deposition prior to trial, chose not to call Banks as a witness at trial or to read his deposition into evidence.

 Instruction No. 10 is a statement of the rule that the unexplained failure of a party to call an available material witness gives rise to an inference that the absent witness' testimony would be adverse to the party failing to call him. A similar inference arises "when a party to litigation is in possession of vitally material facts and fails to testify to them." *Piccolo* v. *Woodford*, 184 Va. 432, 439, 35 S.E.2d 393, 395 (1945). An unfavorable inference may not be drawn, however, when the evidence shows that the party has no personal knowledge of the facts in issue or when facts within the party's knowledge have been established by other evidence. *Murphy's Hotel Co.* v. *Herndon's Admr.*, 120 Va. 505, 517-18, 91 S.E. 634, 638 (1917).

 A jury instruction should not be given when the parties adduce no evidence tending to prove the facts upon which the instruction is based. An instruction that has no application to the facts of a case tends to mislead and confuse the jury by diverting the jurors' attention from the legitimate issues in the case. *Van Buren* v. *Simmons*, 235 Va. 46, 51, 365 S.E.2d 746, 749 (1988); *Wagner* v. *Fiery*, 206 Va. 370, 373-74, 143 S.E.2d 876, 879 (1965).

 Instruction 10 referred to Banks as "an available witness who has knowledge of necessary and material facts." There is no evidence in the record to support this statement. To the contrary, as previously stated, the undisputed evidence established that because of his injury, Banks had no memory of the accident. Banks, therefore, had no knowledge of any facts necessary and material to the issue of how the accident occurred.

■ We will assume, without deciding, that Banks may have possessed some knowledge of facts relating to his capacity to be contributorily negligent and to the permanent manifestations of his head injury. Nevertheless, his failure to testify to these issues does not give rise to an unfavorable inference. The testimony of other witnesses established facts pertaining to Banks' capacity for negligence and to the permanency of his injuries.* Thus, Banks' testimony as to these issues would have been cumulative at most. *See Murphy's Hotel Co.*, 120 Va. at 518, 91 S.E. at 638; *cf. Harper* v. *B & W Bandag Center*, 226 Va. 469, 472, 311 S.E.2d 104, 106 (1984); *Neeley* v. *Johnson*, 215 Va. 565, 574, 211 S.E.2d 100, 108 (1975).

For the foregoing reasons, we hold that the trial court erred in granting Instruction 10. Therefore, we will reverse its judgment and remand the case for a new trial on all issues.

*Reversed and remanded.*

Justice Russell, concurring.

I agree that the trial court erred in granting the "missing witness" instruction. The opinion of the Court sets forth a sound rationale for the inapplicability of the instruction under the facts of this case, but I would avoid the necessity of such an analysis.

In my view, the "missing witness" instruction has outlived its usefulness. A case-by-case approach, whereby the applicability of the instruction depends upon the facts of each case, is certain to prove as fruitful a source of errors, appeals, and reversals in the future as it has in the past. For the reasons stated in the concurring opinion appended to *Harper* v. *B & W Bandag Center*, 226 Va. 469, 473, 311 S.E.2d 104, 106 (1984), I would hold it error to grant the "missing witness" instruction in any case.

---

* Regarding whether Banks had the capacity for negligence, Banks' mother testified that when she had observed her son riding "two on a bike" the day before the accident, she had told him "to be careful" and had made him come home. She further testified that Banks was intelligent enough to know he could have an accident if he were not careful when riding a bicycle. Gordon testified that it was Banks' idea to ride on the handlebars and that Banks did not protest when Gordon operated the bicycle on the left side of the street. Regarding the permanency of Shawn's injuries, both parties called expert witnesses who testified on this issue.